OPINION
Gary Freeland Smith appeals from the trial court's determination that he is a sexual predator. Smith contends that judgment is against the manifest weight of the evidence.
Smith was convicted in 1981 of the attempted rape of his eight year old stepdaughter. The facts surrounding Smith's conviction are set out in the Montgomery County Probation Pre-Sentence Investigation Report which is part of this record. (See State's Exhibit 1).
On March 3, 1981, Smith was indicted for one count of rape under case number 81-CR-271, and one count of grand theft under case number 80-CR-1727. The underlying allegations of the rape charge involve Smith molesting his eight-year old stepdaughter throughout the summer of 1980, in which Smith engaged in repeated acts of intercourse and oral sex with her. Smith told the child and her ten-year old sister not to tell anyone, but eventually, the older sister did tell. The child was taken to the hospital for a physical examination, which revealed that her hymen was torn. A review of the pre-sentence investigation report reveals that Smith denied the allegations, although it appeared apparent that he knew what he had done. Id. at 1, 4, and 5. Smith stated to police that if the acts had occurred, that they happened while he was under the influence of drugs and alcohol. Id. Further investigation by the police through interviews of family members revealed that Smith had a drug and alcohol problem.
On June 6, 1981, pursuant to a plea agreement, Smith pled guilty to a lesser-included of attempted rape, and the other case was nolled. A sentencing hearing was set, but Smith absconded and a warrant was issued. Finally, on July 19, 1985, Smith was apprehended in Colorado. During the interim years as a fugitive, he had been convicted of robbery in Colorado. In 1982, he was sentenced to eighteen months for the robbery; thereafter, he was paroled. Then, on May 20, 1985, he was convicted and sentenced to ten years for sexual assault, for having sexual relations with his fifteen-year old step-daughter in Colorado. Thereafter, back in Ohio, Smith was sentenced to three to fifteen years for the original attempted rape conviction on August 5, 1985. This sentence was to run consecutive to the sentence for the sexual assault from Colorado.
While incarcerated in Colorado, Smith completed several programs, including a stress management group, a drug and alcohol group, and phase one of the sex offenders program. The same year, after he had been transferred back to Ohio, he was considered for early release, but his individual counselor from Colorado recommended against it. The counselor stated that he was against early release because he viewed Smith as being a "long-term fixated pedophile" and having "tendencies of rage and abuse toward women." The counselor stated he had worked with a large number of fixated pedophiles with aggressive tendencies and their prognosis for successful community adjustment is always poor. The Montgomery County Adult Probation Department concurred in the recommendation against early release, which was then denied by the trial court.
In preparation for a sexually oriented offender designation hearing, Dr. Daniel Hrinko, of the Forensic Psychiatry Center for Western Ohio, performed a psychiatric evaluation of Smith. 1999 Forensic Psychiatric Report (hereinafter Psych. Report). The evaluation took place on June 23, 1999. Id. Prior to the evaluation, Dr. Hrinko reviewed a variety of court documents, law enforcement investigation reports, a Minnesota Multi phasic Personality Inventory-2 evaluation dated June 22, 1999, and various pre-sentence investigation summaries and addendum. Id. at 2. Although Smith was polite in his exchange with the doctor, he made it clear that he did not intend on cooperating with the evaluation process, because he had no intention of complying with the registration requirements upon his release. Id. at 3.
A sexually oriented offender designation hearing was held on October 24, 2000. At the hearing, although Smith did speak before the court, he did not present any exhibits or testimony. Tr. 6. Smith informed the court that he had completed several programs and that he had become a program agent, helping others with the programs. Tr. 6. After hearing Smith speak, the trial court determined that Smith is a sexual predator. Tr. 8.
At that hearing, the State presented State's Exhibit 1 that contained several documents. Tr. 2-3. Specifically, the documents included: a House Bill 180 Screening Instrument, the Forensic Psychiatry Report dated July 9, 1999; an Adult Probation Department Report dated July 25, 1985; a Termination Entry dated August 5, 1987; an Adult Probation Department Report dated April 2, 1986; an Adult Probation Department Report dated October 26, 1987; an Adult Probation Department Report dated March 2, 1990; an Adult Probation Department Report dated July 10, 1990; a Colorado Department of Corrections Report dated January 22, 1988; and a Pre-sentence Investigation Report dated August 14, 1981.
Smith contends the judgment of the trial court is against the manifest weight of the evidence because he has taken responsibility for the offense at issue and he has taken numerous measures to shed any and all motivations which caused him to commit the rape offense. Specifically, Smith notes that he completed the sex offender program in Colorado as well as a drug and alcohol program, a stress management program, and an anger management program.
Smith argues that the statutory factors found at R.C. 2950.09(B)(2) militate in his favor in determining whether the State proved that he is a sexual predator. He notes he will be 48 when he is scheduled for release from prison and Dr. Hrinko noted that "data suggests that individuals experience a decrease in the likelihood for future violence or sexual offenses as they pass their mid-40's.
Smith notes that he does not suffer from any mental illness or disability and his sexual conduct with his eight year old step-daughter was not part of a demonstrated pattern of abuse nor did he display cruelty during the commission of the offense.
The State argues that we should affirm the trial court's determination because the statutory factors militate in the favor of his sexual predator classification. The State notes that sexual abuse of small children elevates the risk of recidivism because this type of behavior demonstrates a defendant's lack of restraint.
The State also notes that substantial abuse is a recidivist factor and the fact that Smith remained sober during incarceration is not indicative of his ability to remain sober upon his release. The State also notes that Dr. Hrinko performed psychological tests which demonstrated that Smith had a self-serving attitude which the doctor stated could increase his risk of recidivism. Finally, the State argues that Smith's criminal record, his flight to avoid prosecution, and his determination not to comply with reporting requirements if he were found to be a sexual predator also suggest he is likely to engage in sexually oriented offenses in the future.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Attempted rape and gross sexual imposition are considered sexually oriented offenses pursuant to R.C. 2950.01(D)(1), (7).
R.C. 2950.09(B)(3) requires that the trial court determine by clear and convincing evidence whether appellant is a sexual predator.
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In evaluating the evidence, R.C. 2950.09(B)(2) sets forth several non-exclusive factors for the trial court to consider in making its determination.
Those factors are not limited to, but include:
A. the offender's age;
B. the offender's prior criminal record regarding all offenses, including but not limited to, all sexual offenses;
C. the age of the victim of the sexually oriented offense for which sentence is to be imposed;
D. whether the sexually oriented offense for which sentence is to be imposed involves multiple victims; E. whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
F. if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sexual offenders;
G. any mental illnesses or mental disability of the offender; the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
H. whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
The Ohio legislature did not assign any particular weight to the factors set out in R.C. 2950.09(B)(2). The legislature acknowledged the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crime involves the exploitation of young children. See, Kansas v. Hendricks (1997), 521 U.S. 346; State v. Condron (March 27, 1998), Montgomery App. 16430 unreported. See, R.C.2950.09(B)(2)(c).
Dr. Hrinko noted that while there are no indications that Smith used overt threats of cruelty or engaged in acts of cruelty to influence his victim, "being an eight year old attempting to cope with the inappropriate advances of an adult male stepparent indicates that a significant difference in power and influence exists which may be interpreted as cruel or potentially cruel to the victim."
Dr. Hrinko also noted that Smith was angry at the system because he was denied parole. Dr. Hrinko stated that such an attitude can be a factor that may increase the chances for recidivism.
A majority of the factors in R.C. 2950.09(B)(2) need not apply for the court to make a sexual predator designation. State v. Fugate (February 2, 1998) Butler App. CA-97-03-065, unreported.
The trial court did not explain why it found Smith to be a sexual predator. Presumably the trial court gave greater weight to the defendant's assaults on young girls and defendant's substance abuse and criminal record than it gave to the defendant's apparent completion of sex offender, drug and alcohol abuse programs.
The facts are not essentially in dispute in this matter. The conclusion the trial court reached that Smith is likely to commit sexually oriented offenses in the future is supported by this appellate record. The judgment is not against the manifest weight of the evidence. Judgment Affirmed.
 __________ BROGAN, J.
WOLFF, P.J., and GRADY, J., concur.